FRANK VAN SYCKLE, PLAINTIFF-RESPONDENT, v. JOHN D. KEATS, DEFENDANT-APPELLANT.

Submitted May 7, 1940—Decided September 28, 1940.

Before Justices TRENCHARD, BODINE and PORTER.

For the plaintiff-respondent, *Paul C. Kemeny.*

For the defendant-appellant, *Jacob J. Greenman* (*Emanuel P. Scheck,* of counsel; *Ervin S. Fulop,* on the brief).

The opinion of the court was delivered by

PORTER, J. This is an action for the conversion of an automobile. The facts were stipulated by counsel, no testimony was offered by either party, so the only issues to be decided were those contained in said stipulation.

It appears that Frank Van Syckle, respondent, sold the automobile on June 2d, 1936, to one Blanchard on a conditional bill of sale reserving to himself the title, on the date of the sale his reservation of title was duly noted on the records of the Commissioner of Motor Vehicles in accordance with the provisions of *N. J. S. A.* 46:32-13. No renewal of this reservation was ever filed. On June 20th, 1939, over three years thereafter, John D. Keats foreclosed a chattel mortgage on the automobile which had been given by the conditional vendee subsequent to the conditional purchase. The present value of the automobile was stipulated to be $350.

It seems to us that the only question raised by this state of case was whether or not it was necessary to renew a conditional vendor's reservation of title three years after the original notice of the reservation in order to preserve its validity as against the appellant chattel mortgagee. Had any other question been presented it should have been made a part of the stipulation.

The trial court sitting without a jury found in effect that the law did not require a renewal of the filing of the conditional vendor's reservation of title in order to preserve its validity against the chattel mortgagee and consequently "in accordance with the stipulation" he entered judgment for the respondent for $350.

We conclude that the court was right in so holding.

There is no inconsistency between the applicable statutes. *N. J. S. A.* 46:32-13 provides that conditional sales contracts shall be filed in the office of the recording officer in the county in which the goods are first kept for use by the buyer after the sale but expressly distinguishes motor vehicles from other goods by providing that the record of conditional sales of motor vehicles be recorded with the Commissioner of Motor Vehicles as provided by chapter 10 of title 39 (*N. J. S. A.* 39:10-1, *et seq.*). The latter statute does not require more

than the one filing with the Commissioner of Motor Vehicles. In the case of conditional sales contracts generally, however, the statute *N. J. S. A.* 46:32-16 required refiling after three years for successive additional periods of one year, the filing to be "in the proper filing district." It seems clear that this section does not include motor vehicles for the reason that there are no "filing districts" for motor vehicles and further that *N. J. S. A.* 46:32-13, *supra,* provides for filing with the Commissioner of Motor Vehicles. Same are ambulatory and treated by the legislature differently from other chattels. As stated the conditional sales agreement of motor vehicles are required to be recorded with the Commissioner of Motor Vehicles while such agreements as to other chattels with the local recording offices, registers of deeds and county clerks and no other provisions for filing are made.

The title to the automobile at the time the appellant foreclosed the chattel mortgage being in respondent the act of the appellant constituted conversion.

The judgment under review is therefore affirmed, with costs.